J-S10013-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ADRIAN G. SCOTT | : | |
| | : | |
| Appellant | : | No. 702 MDA 2024 |

Appeal from the Judgment of Sentence Entered April 3, 2024
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000430-2023

BEFORE:  BOWES, J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED: APRIL 17, 2025**

Adrian G. Scott appeals from the judgment of sentence of five to ten years of incarceration imposed following his guilty pleas to numerous offenses. We affirm.

The trial court offered the following factual background:

> [L]ate in the evening of October 20, 2022, Appellant was operating a motor vehicle in Wilkes-Barre Township, Luzerne County, with an expired New Jersey temporary license plate. Patrolman [Brian] Sayler of the Wilkes-Barre Township Police Department visually observed that the temporary New Jersey license plate was obviously long expired.  He initiated a traffic stop of Appellant's vehicle and upon approaching the driver was met with Appellant's bloodshot eyes and the strong odor of marijuana. Patrolman Sayler questioned Appellant at the roadside about the odor and in response Appellant declared, "I smoke weed."  He later added that the vehicle he was operating was not covered by insurance.
>
> Patrolman Sayler asked Appellant to exit the vehicle to participate in a field sobriety test.  While Patrolman Sayler was conducting the field sobriety test, Patrolman [Christopher] Mackie,

also of the Wilkes-Barre Township Police Department, noticed a firearm in plain view inside Appellant's vehicle[, which Appellant was prohibited from possessing due to his prior convictions]. A search incident to arrest of Appellant revealed a magazine for an automatic pistol loaded with [fourteen] rounds of 9mm ammunition. Two marijuana cigarettes were recovered from the door pull handle of Appellant's vehicle.

Trial Court Opinion, 7/2/24, at 1-2 (some articles omitted).

Appellant was thereafter charged with one count each of possession of firearms prohibited and firearms not to be carried without a license, and several counts of driving under the influence ("DUI") and possession of marijuana. Appellant entered an open guilty plea to one count each of possession of a firearm prohibited, DUI, and possession of marijuana, and the Commonwealth agreed to dismiss the remaining charges. The court deferred sentencing in order to obtain a pre-sentence investigation ("PSI") report.

At the ensuing sentencing hearing, the court noted that Appellant's prior record score ("PRS") was five and the standard minimum sentence was sixty months of confinement. Appellant's counsel advocated for the mitigated range of forty-eight months because the firearm in his possession was not loaded, he was cooperative with the arresting officers, and his prior offenses were committed twenty years ago. *See* N.T. Sentencing, 4/3/24, at 3-4. Appellant then exercised his right to allocution. At the conclusion of the hearing, the court imposed the standard-range sentence of sixty months because it was "concerned with [Appellant's] prior criminal history" and believed that "the standard range would be an appropriate sentence to hold

[Appellant] accountable in this matter and protect the public and give him an opportunity to reform and correct his ways." *Id*. at 6 (cleaned up).

Appellant filed a motion to modify his sentence, seeking the mitigated range of forty-eight months of confinement, because his past crimes occurred over two decades ago, he was cooperative with officers at the time of his arrest, he was the sole provider for his family, and he accepted responsibility. *See* Motion for Modification of Sentence, 4/10/24, at ¶¶ 10-14. The court denied the motion and this timely appeal followed. Both Appellant and the trial court complied with the requirements of Pa.R.A.P. 1925. Appellant presents the following issue for our determination:

> Did the trial court impose a manifestly excessive sentence by improperly considering Appellant's prior, stale criminal history, which had already been accounted for within the Sentencing Guidelines for calculating the [PRS], as a basis for imposing a standard-range sentence rather than a mitigated-range sentence and by failing to consider mitigating factors, including Appellant's cooperation beginning at the time of his arrest, acceptance of responsibility, and gainful employment, through which he supported his family, in contravention of 42 Pa.C.S. §§ 9721(b) and 9725, resulting in a sentence that was not individualized?

Appellant's brief at 3 (cleaned up, some articles omitted).

Appellant's challenge implicates the discretionary aspects of his sentence, to which "the right to appellate review . . . is not absolute." *Commonwealth v. Brown*, 249 A.3d 1206, 1210 (Pa.Super. 2021) (cleaned up). Rather, before this Court may consider the merits of such a claim, we must determine:

(1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

*Commonwealth v. Lawrence*, 313 A.3d 265, 284 (Pa.Super. 2024) (cleaned up). To satisfy the second prong, an appellant must preserve the precise sentencing issue either in an objection at sentencing or in a post-sentence motion. *Id*.

We are satisfied that Appellant timely appealed, preserved his challenge in a post-sentence motion, and included a Rule 2119(f) statement in his brief. Thus, we proceed to analyze whether he has presented a substantial question, which "exists where an appellant sets forth a plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." *Brown*, 249 A.3d at 1211.

In his Rule 2119(f) statement, Appellant contends that the court only considered his prior convictions in imposing a standard-range sentence, which was impermissible as these offenses were already accounted for in his PRS. *See* Appellant's brief at 9. Further, he maintains that the court did not consider mitigating circumstances and issued a sentence that was "so manifestly excessive that it constitutes too severe a punishment." *Id*. at 9-10 (cleaned up).

We conclude that Appellant has presented a substantial question for our review. *See Brown*, 249 A.3d at 1211 (holding that the appellant raised a substantial question where he averred that the court failed to consider certain sentencing factors in conjunction with an assertion that the sentence was manifestly excessive, and that the court considered impermissible sentencing elements). Thus, we proceed to the merits of Appellant's claim.

Our review is guided by the following principles:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Davis*, 241 A.3d 1160, 1177-78 (Pa.Super. 2020) (cleaned up).

In imposing a sentence, "the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), including the protection of the public, the gravity of the offense in relation to the impact on the victim and the community, and the rehabilitative needs of the defendant." *Lawrence*, 313 A.3d at 286 (cleaned up). The court may also consider a defendant's prior convictions if those factors "are used to supplement other extraneous sentencing information." *Commonwealth v. Wallace*, 244 A.3d 1261, 1280 (Pa.Super. 2021). Importantly, this Court may not reweigh sentencing

- 5 -

elements "where the lower court was fully aware of all mitigating factors." *Lawrence*, 313 A.3d at 286 (cleaned up).

Where the court imposes a sentence that is within the standard range of the sentencing guidelines, "Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Commonwealth v. Hill*, 210 A.3d 1104, 1117 (Pa.Super. 2019). Additionally, where the court has reviewed a PSI report, "it is presumed that the court was both aware of and appropriately weighed all relevant information contained therein." *Brown*, 249 A.3d at 1212 (cleaned up).

Appellant argues that the court abused its discretion in issuing the standard-range sentence of sixty months of confinement because it failed to consider mitigating factors. *See* Appellant's brief at 16. Specifically, he states that it neglected to weigh in his favor that his past offenses occurred over two decades ago, as well as the facts that he was the sole provider for his family, showed remorse, and was cooperative with police at the time of his arrest. *Id*. at 16-19. Appellant maintains that the court was only concerned with his prior offenses, which he claims were already accounted for in the PRS. *Id*.

When it entered Appellant's sentence, the court evaluated Appellant's criminal history and stated that issuing a term of imprisonment within the standard range was necessary to protect the public and rehabilitate Appellant. *See* N.T. Sentencing, 4/3/24, at 6. In its Rule 1925(a) opinion, the court explained that it not only weighed Appellant's recidivism, but that it also

"reviewed and considered the PSI [report] along with the arguments of counsel and the testimony of Appellant." Trial Court Opinion, 7/2/24, at 6 (some articles omitted). It further reiterated its conclusion articulated at the sentencing hearing that the standard-range sentence was appropriate given Appellant's past convictions and that "in light of such recidivism a less onerous penalty is [not] appropriate to reform Appellant and protect the public." *Id*. at 5.

The trial court's reasoning is sound. When the court sentenced Appellant to the standard range, it was presumptively reasonable. *See Hill*, 210 A.3d at 1117. Contrary to Appellant's assertion, the court cited additional factors that it credited beyond Appellant's prior crimes, including the PSI report and the arguments of counsel and Appellant. *See* Trial Court Opinion, 7/2/24, at 5-6. Where the court has the benefit of the PSI report, we presume that it properly weighed all available mitigating information. *See Brown*, 249 A.3d at 1212. Although the court considered Appellant's criminal history, it permissibly contemplated that record in addition to other sentencing elements. *See Wallace*, 244 A.3d at 1280. This Court may not re-weigh the factors that the sentencing court already appraised. *See Lawrence*, 313 A.3d at 286. Accordingly, we conclude that the court did not abuse its discretion in sentencing Appellant to the standard-range sentence of sixty months of incarceration and affirm his judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 4/17/2025